## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AYINDE MOHN,<br>(*Beneficiary, heir and acting trustee of the Reese Family Restricted Estate and Life Trust Fund*),<br><br>REESE FAMILY RESTRICTED ESTATE AND LIFE TRUST FUND,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>(*Guardian, Fiduciary, District Attorney, Secretary of Interior, Field Solicitor, Superintendent for the Five Civilized Tribes and agents in their official capacity, et. al.,*)<br><br>     Defendant. | Case No. 21-CIV-304-RAW |

## <u>ORDER</u>

Before the court are the Plaintiff's Complaint [Doc. No. 2] along with various motions.

Plaintiff, Ayinde Mohn, is proceeding *pro se* in this matter.  Although a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* parties must follow the same rules of procedure that govern other litigants.  *Garrett v. Selby Conner Makkus & Janer*, <u>425 F.3d 836</u> (10th Cir. 2005).  Moreover, "the court cannot take on the responsibility of serving as the

1

litigant's attorney in constructing arguments and searching the record." *Id.*

Plaintiff filed the Complaint against the Defendant United States of America claiming his "rightful entitlement to his full-blood 'Native Cherokee' citizenship, life trust and 'Restricted estate', derived from 488 acres of 'Restricted' lands in the Cherokee Nation territory of the State of Oklahoma."   Plaintiff claims this entitlement as a descendant of Jesse Reese, Betsy Reese and James Reese.   Plaintiff states that James Reese "did everything he could to become entitled to the "Restricted" lands, but failed to attain the right through the neglect or misconduct of public officers."   Plaintiff Mohn requests the cancellation of all deeds, conveyances and encumbrances on the unspecified "488 acres" and that all steps be taken to ensure Plaintiff's acquisition and retention of the subject land, all to be done by "attorneys provided for under the Act of May 27, 1908 (35 Stat. 312)."

Plaintiff sets forth a listing of acts, statutes and cases to make his claim that his "heir," James Reese, was denied his rightful allotment by the neglect and misconduct of Thomas Needles and the Dawes Commission.   Plaintiff failed, however, to provide any factual basis for his allegations that he is a descendant of any Cherokee citizens or that he is the heir and/or "acting trustee of the Reese family Restricted estate and life trust fund." Under the doctrine of prudential standing, "litigants cannot sue in federal court to enforce the rights of others." *RMA Ventures Cali. V. SunAmerica Life Ins. Co.* 576 F.3d 1070, 1073 (10th Cir. 2009).   The court notes that a similar complaint by the same plaintiff was dismissed by the United States District Court for the Northern District of Oklahoma (for

lack of standing and failure to state a claim) and the dismissal was affirmed by the United States Court of Appeals for the Tenth Circuit.  *See Mohn v. Jewell*, 2016 WL 7223388 (N.D.Okla. 2016), *aff'd, Mohn v. Zinke*, 2017 WL 1628899 (10th Cir. 2017).   Plaintiff has failed to establish standing.   Moreover, Plaintiff has failed to allege sufficient factual matter, accepted as true, that states a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 678 (2009).   Similar complaints by the same plaintiff have been dismissed by this and other courts.

In his Petition for Change of Venue [Doc. No. 10], Plaintiff request that this court "remove" this case to the United States District Court for the Northern District of Oklahoma, stating that it is directly related to Case No. 4:2021cv00530 in that court, and that the land to which he claims some interest is situated in the counties under the jurisdiction of the United States District Court for the Northern District of Oklahoma.

It seems Plaintiff has taken a scattershot approach to resolving any claims he may have by filing overlapping lawsuits in the same or various federal district courts with a literal mess of pleadings that contain unnecessary content.   "Although Plaintiff's status as a *pro se* litigant means that his pleadings are to be liberally construed, it does not entitle him to any preferred treatment with respect to the rules of procedure." *See Parks v. Taylor*, 2020 WL 5089584 (W.D.Okla. 2020), *citing Green v. Dorrell*, 969 F.2d 915, 917, (10th Cir. 1992).

It is clear that "a district court may stay or dismiss a suit that is duplicative of another

3

federal court suit." *See Ford v. Mischeviz* 68 F. App'x 877, 878 (10th Cir. 2003), (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000)).   Generally, a suit is duplicative if the claims, parties and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012).   The district court's power to dismiss duplicative suits "fosters judicial economy" and "protect[s] parties from the vexation of concurrent litigation over the same subject matter." *Ford*, 68 F. App'x at 878.

The court finds that Plaintiff Mohn has reiterated claims previously set forth in this court and claims currently pending in the Federal District Court for the Northern District of Oklahoma.   The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed and are duplicative of the pending Northern District of Oklahoma case he cites as "related."

IT IS THEREFORE ORDERED that Plaintiff's action is hereby dismissed without prejudice. It is further ordered that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. No. 3] is denied as moot; Plaintiff's Motion to Change Venue [Doc. No. 10] is denied; Plaintiff's Motions for Entry of Default by Court Clerk [Doc. Nos. 11, 12] are denied; Plaintiff's Motion for Costs [Doc. No. 13] is denied; and Plaintiff's Motion for Summary Judgment [Doc. No. 14] is denied.

4

IT IS SO ORDERED this 7th day of February, 2022.


_____

**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**